```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
GERALD DINGEE and MICHAEL LAMP,          :    15cv6941(DLC)
Individually and on Behalf of all        :
Others Similarly Situated,               :    OPINION & ORDER
                                         :
                    Plaintiffs,          :
                                         :
          -v-                            :
                                         :
WAYFAIR INC., NIRAJ SHAH, and MICHAEL    :
FLEISHER,                                :
                    Defendants.          :
                                         :
----------------------------------------X
```

APPEARANCES

For plaintiffs:

Phillip Kim
Laurence M. Rosen
Erica L. Stone
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, NY 10016

For defendants:

Jeff E. Brandt
Jeff G. Hammel
Thomas J. Giblin
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022

DENISE COTE, District Judge:

The plaintiffs assert that Wayfair Inc. ("Wayfair"), an online retailer, failed to disclose in connection with its initial public offering (the "IPO") that Overstock.com ("Overstock") was a major competitor. When an analyst firm

1

issued a report less than a year later declaring that Overstock was a prime competitor of Wayfair and that the companies should be valued similarly, Wayfair stock fell 11%. The plaintiffs allege that they and others who purchased or otherwise acquired Wayfair securities between October 2, 2014 and August 31, 2015 (the "Class Period") suffered a loss when they bought at a price that was artificially inflated by the defendants' failure to disclose Overstock's status as a competitor.

The defendants have filed a motion to dismiss all counts. For the reasons stated below, the motion is granted.

## BACKGROUND

The following facts are taken from the plaintiffs' First Amended Complaint (the "FAC"). Founded as a private company by defendant Niraj Shah in May 2002, Wayfair is an online company focused on selling furniture and home goods.[1] From 2002 through 2011, Wayfair operated over 240 niche websites selling different types of home goods and furniture. In late 2011, Wayfair consolidated its websites to a single site, www.wayfair.com, to create a single online shopping site for furniture, home furnishings, décor, and goods.

Overstock, an online retailer, was founded in 1999 and went public in May 2002. Overstock offers furniture, home décor,

---

[1] Shah also served as Wayfair's CEO and Director. Defendant Michael Fleisher was Wayfair's CFO.

bedding, housewares, jewelry, apparel, electronics, and other products for sale through multiple websites.

The FAC alleges that Wayfair sought to replicate Overstock's business.  According to the FAC, Wayfair and Overstock both use an "inventory light" business model, similar website platforms to target the same customers, and "flash sales" for limited supply products.  Wayfair has two locations in Odgen and Orem, Utah, which are geographically close to Overstock's headquarters in Salt Lake City.  When building its supplier network, Wayfair targeted Overstock suppliers and vendors.

In the run up to Wayfair's IPO, Overstock was more profitable.  In 2012 and 2013, Overstock had a net profit of $14.7 million and $84.4 million, respectively.  Wayfair, in contrast, suffered net losses of $21 million and $15.5 million during those years.  Leading up to its IPO, Wayfair had over $277.1 million in accumulated losses.

In October 2014, Wayfair conducted its initial public offering.  Wayfair filed its Registration Statement on Form S-1/A with the Securities and Exchange Commission (the "SEC") on September 19, and its final Prospectus with the SEC on October 2 (collectively, the "Registration Statement").  In relevant part, the Registration Statement, which touts Wayfair's "technology platform," states the following:

> <u>Our business is highly competitive.  Competition presents an ongoing threat to the success of our business</u>.
>
> <u>Our business is</u> rapidly evolving and <u>intensely competitive, and we have many competitors</u> in different industries.  <u>Our competition includes</u>: furniture stores, big box retailers, department stores, specialty retailers, and <u>online home goods retailers</u> and marketplaces, <u>including</u>:
>
> - Furniture Stores: Ashley Furniture, Bob's Discount Furniture, Havertys, Raymour & Flanagan and Rooms To Go;
> - Big Box Retailers: Bed, Bath & Beyond, Home Depot, IKEA, Lowe's, Target and Walmart;
> - Department Stores: JCPenney and Macy's;
> - Specialty Retailers: Crate and Barrel, Ethan Allen, HomeGoods, Pottery Barn and Restoration Hardware; and
> - <u>Online Home Goods Retailers and Online Marketplaces: Amazon, eBay and One Kings Lane.</u>
>
> <u>We expect competition in e-commerce generally to continue to increase</u>.

(Emphasis added.)  On October 2, 2014, Wayfair began trading on the New York Stock Exchange.  An IPO of 11 million shares at $29 each raised $319 million.

The FAC alleges that the Registration Statement deliberately omits naming Overstock as Wayfair's "prime competitor."  Had Wayfair been valued like Overstock, the FAC asserts that Wayfair stock would have been priced at less than one-half of its IPO value.  Instead, the Wayfair Registration Statement listed online retailers like Amazon and eBay as its

4

competitors, since they each carried higher valuations than Overstock.

The FAC additionally alleges that the defendants failed to disclose Overstock as a competitor in four other documents filed with the SEC during the Class Period.  These documents are Form 10-Qs filed with the SEC on November 14, 2014, May 14, and August 12, 2015, and a Form 10-K filed with the SEC on March 19, 2015.

On August 31, 2015, the analyst firm Citron Research published a report (the "Citron Report") on Wayfair asserting that "Wayfair is Overstock, plain and simple.  The only difference is that Overstock has better brand recognition and higher traffic."  Describing the similarities between the two companies, the Citron Report states that Wayfair has "the same business" as Overstock, with "the same corporate strategies."  The Citron Report concludes that when compared to Overstock

> Wayfair actually intentionally shuns the comparison (<u>incredibly, they refuse to mention Overstock as a competitor in their SEC filings</u>.)  The ONLY conceivable rationale for this omission is if they acknowledge Overstock as a comp, it becomes apparent to all that Wayfair's stock is not worth more than $10 a share.

(Emphasis added.)  On the day the Citron Report was published, shares of Wayfair fell $4.92 per share, or over 11%, to close at $37.50 per share.

5

Plaintiff Gerald Dingee filed his complaint on September 3, 2015, alleging that the defendants had violated § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, and that the individual defendants were also liable as control persons under § 20(a) of the Exchange Act, 15 U.S.C. § 78t(a).  Dingee was appointed lead plaintiff on November 13.  The FAC was filed on January 11, 2016, alleging the same counts against their respective defendants.  This case was reassigned to this Court on January 14.  Defendants filed their motion to dismiss on February 25, which became fully submitted on April 1.

## DISCUSSION

When deciding a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., a court must accept as true all allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  Loginovskaya v. Batratchenko, 764 F.3d 266, 269-70 (2d Cir. 2014).  A claim has facial plausibility when "the factual content" of the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Tongue v. Sanofi, 816 F.3d 199, 209 (2d Cir. 2016) (citation omitted).  In the context of a securities class action, a court may consider not only the complaint itself, but also "any written instrument attached to the complaint, statements or documents incorporated into the

6

complaint by reference, legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." Id. (citation omitted).

Any complaint alleging securities fraud must satisfy the heightened pleading requirements of the Private Securities Litigation Reform Act ("PSLRA") and Fed. R. Civ. P. 9(b) by "stating with particularity the circumstances constituting fraud." Employees' Ret. Sys. of Gov't of the Virgin Islands v. Blanford, 794 F.3d 297, 304 (2d Cir. 2015). Section 10(b) and its implementing SEC Rule 10b-5 make it unlawful to "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading . . . in connection with the purchase or sale of any security."  17 C.F.R. § 240.10b-5(b); see also 15 U.S.C. § 78j(b).  To state a Rule 10b-5 claim for misrepresentation

> a plaintiff must allege that the defendant (1) made misstatements or omissions of material fact, (2) with scienter, (3) in connection with the purchase or sale of securities, (4) upon which the plaintiff relied, and (5) that the plaintiff's reliance was the proximate cause of its injury.

Blanford, 794 F.3d at 304-05.

Defendants argue that plaintiffs have failed to adequately plead a material omission, scienter, and loss causation. The

motion to dismiss is granted as to the first ground identified by the defendants. It is therefore unnecessary to reach their arguments regarding scienter and loss causation.

I.  **Material Omission**

An omission is actionable under § 10(b) only if it is material and the speaker had a duty to disclose the omitted fact. See Basic v. Levinson, 485 U.S. 224, 231-32, 239 n.17 (1988). For interlocking reasons, Wayfair's omission of Overstock as a competitor in its SEC filings is immaterial, and Wayfair did not have a duty to identify Overstock by name as a competitor.

   A. **Materiality**

Under § 10(b) and Rule 10b-5, an omission is material if "there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to act." IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC, 783 F.3d 383, 389 (2d Cir. 2015) (citation omitted). "[T]here must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." Id. at 390 (citation omitted). As a general matter, the "total mix of information may . . . include information already in the public domain and facts known or reasonably available to [potential investors]."

Litwin v. Blackstone Grp., L.P., 634 F.3d 706, 718 (2d Cir. 2011) (citation omitted) (construing Securities Act Sections 11 and 12). There may be occasions, however, when an issuer must repeat information that already appears in the public record. The case law "does not support the sweeping proposition that an issuer of securities is never required to disclose publicly available information." New Jersey Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC, 709 F.3d 109, 127 (2d Cir. 2013) (citation omitted).

To support an allegation that omissions are materially misleading under § 10(b) and Rule 10b-5, plaintiffs must, at the pleading stage, "specify each statement alleged to have been misleading" and "the reason or reasons why the statement is misleading." Carpenters Pension Trust Fund of St. Louis v. Barclays PLC, 750 F.3d 227, 235-36 (2d Cir. 2014) (quoting 15 U.S.C. § 78u-4(b)(1)). Thus, plaintiffs asserting such claims "must do more than say that the statements . . . were false and misleading; they must demonstrate with specificity why and how that is so." Id. at 236 (citation omitted).

As the FAC acknowledges, analyst reports on Wayfair were publicly available during the class period. As a consequence, Overstock's status as a competitor of Wayfair was well described in the public record. Reports issued by entities like Goldman Sachs and Citi Research frequently discussed Overstock as a

9

competitor of Wayfair.[2]  To use one of the many examples, on October 27, 2014, less than a month after Wayfair's IPO, Wells Fargo Securities published a report describing the results of a "deep dive purchase study" of Wayfair compared with 14 other retailers, including Overstock.  Overstock itself disclosed Wayfair as a competitor in its own SEC filings on March 12, 2015.

In addition to this public discussion of the competition between Wayfair and Overstock, the Registration Statement states that Wayfair's business "is highly competitive" and that "competition presents an ongoing threat to the success of our business."  The Registration Statement singles-out e-commerce competitors, noting that "we expect competition in e-commerce generally to continue to increase."  Moreover, the list of competitors in the Registration Statement was explicitly non-exclusive.  It states that "our competition <u>includes</u>: furniture stores, big box retailers, department stores, specialty retailers, and <u>online home goods retailers and marketplaces</u>,

---

[2] The defendants have submitted twenty such analyst reports with their motion.  Although the plaintiffs do not contest that the Court may consider these documents, they argue that the reports' contents cannot be taken for their truth of the matter asserted.  As the plaintiffs recognize, however, a court may "take judicial notice of the <u>fact</u> that press coverage, prior lawsuits or regulatory filings contained certain information, without regard to the truth of their contents" when notice is taken "for the purpose of establishing that the information in the various documents was publicly available."  <u>Staehr v. Hartford Fin. Servs. Grp., Inc.</u>, 547 F.3d 406, 425-26 (2d Cir. 2008).

10

including . . . ." (Emphasis added.) Given the public identification of Overstock as a competitor, and the Registration Statement's acknowledgement of the stiff competition that Wayfair faced from e-retailers, the failure to name Overstock as a competitor in the Registration Statement and other public filings by Wayfair did not significantly alter the total mix of information available to investors.

The plaintiffs argue that the defendants are really inviting this Court to engage in a fact-intensive analysis inappropriate for a motion to dismiss. Section 10(b) omission claims, however, may be dismissed under Rule 12(b)(6) when the allegedly omitted information was publicly known. See, e.g., In re AOL, Inc. Repurchase Offer Litig., 966 F. Supp. 2d 307, 313 (S.D.N.Y. 2013) (Cote, J.). When a fraud claim is premised on the existence of a material omission, a plaintiff must allege sufficient facts to demonstrate that the omission "significantly altered the total mix of information made available" to investors. Litwin, 634 F.3d at 717 (citation omitted). The FAC fails to do so.

### B. Duty to Disclose

The FAC fails to plead a material omission for a second, related reason. The Supreme Court has instructed that "[s]ilence, absent a duty to disclose, is not misleading under Rule 10b-5." Basic Inc. v. Levinson, 485 U.S. 224, 239 n.17

11

(1988). As a result, "an omission is actionable under the securities laws only when the corporation is subject to a duty to disclose the omitted facts." Stratte-McClure v. Morgan Stanley, 776 F.3d 94, 101 (2d Cir. 2015) (citation omitted). This duty may arise when "there is a corporate insider trading on confidential information, a statute or regulation requiring disclosure, or a corporate statement that would otherwise be inaccurate, incomplete, or misleading." Id. (citation omitted). In connection with required disclosures, such as risk factors and threats to revenue,[3] the duties imposed upon a corporate issuer are to "be both accurate and complete." Caiola v. Citibank, N.A., New York, 295 F.3d 312, 331 (2d Cir. 2002). There is no duty to disclose a fact "merely because a reasonable investor would very much like to know that fact." Dalberth v. Xerox Corp., 766 F.3d 172, 183 (2d Cir. 2014) (citation omitted). Moreover, "there is no duty to disclose information to one who reasonably should already be aware of it," Sibert v. Sperry Rand Corp., 586 F.2d 949, 952 (2d Cir. 1978) (citation omitted), as a registrant is entitled to "rely on a reasonable

---

[3] For example, Item 303 of Regulation S-K requires an issuer to "[d]escribe any known trends or uncertainties that have had or that the registrant reasonably expects will have a material favorable or unfavorable impact on net sales or revenues or income from continuing operations." 17 C.F.R. § 229.303(a)(3)(ii). Similarly, Item 503 of Regulation S-K requires an issuer to include in its disclosures "a discussion of the most significant factors that make the offering speculative or risky." 17 C.F.R. § 229.503(c).

belief that the other party already has access to the facts [to] excuse him from new disclosures which reasonably appear to be repetitive." Koppel v. 4987 Corp., 167 F.3d 125, 132 (2d Cir. 1999) (citation omitted). "When analyzing offering materials for compliance with the securities laws, we review the documents holistically and in their entirety." In re Morgan Stanley Info. Fund Sec. Litig., 592 F.3d 347, 365-66 (2d Cir. 2010).

There is no duty imposed upon an issuer generally to identify all competitors who may threaten the company's ability to achieve its business plan. On the other hand, if an issuer choses to create a list of competitors, as Wayfair has here, it cannot omit material information that is necessary to make its voluntary disclosure "not misleading." Stratte-McClure, 776 F.3d at 103 (citation omitted); see also In re Time Warner Inc. Sec. Litig., 9 F.3d 259, 268 (2d Cir. 1993). At the same time, when an issuer chooses to make a non-inclusive list, that list need not be exhaustive. An issuer is not required to disclose "the entire corpus of their knowledge." In re Morgan Stanley Info. Fund Sec. Litig., 592 F.3d at 366. To do so would impose an onerous burden on the issuer and inundate investors with "an avalanche of trivial information." TSC Indus., Inc. v. Northway, Inc., 426 U.S. 438, 448 (1976); see also In re Donald J. Trump Casino Sec. Litig.-Taj Mahal Litig., 7 F.3d 357, 375 (3d Cir. 1993) ("The federal securities laws do not ordain that

the issuer of a security compare itself in myriad ways to its competitors . . . .").

In general, the securities laws should be interpreted in a way that will encourage disclosures that enlighten and inform investors. Not infrequently, adding a list of exemplars to a disclosure may aid a reader to better understand an issue by making the issue more concrete. So long as a list is not misleading or deceptive, the fact that it is not exhaustive should not render the issuer vulnerable to suit.

The FAC fails to establish that Wayfair had a duty to disclose Overstock as a competitor. As described above, the Registration Statement emphasized the competitive threat against Wayfair posed by e-commerce businesses and presented a non-exclusive list of such businesses. The omission of Overstock from that list did not make the disclosure misleading. The plaintiffs argue that Wayfair had a duty to specifically report Overstock as a competitor due to the similarities between the two companies. The plaintiffs cite no authority for this proposition, and the Court will not create such a duty here.

The plaintiffs argue that by naming Amazon and eBay as competitors while omitting Overstock, Wayfair misrepresented the nature of its business in order to associate itself with higher-valued competitors. But, the disclosure related to types of competition and not to appropriate comparators for valuation

14

purposes.  By listing large scale e-commerce businesses like Amazon and eBay as competitors, Wayfair's played up the substantial risk it faced from deep-pocketed and well-established competition.  Listing powerful competitors is hardly a recipe for minimizing competitive risk.  In any event, the Registration Statement also lists One Kings Lane, an online retailer focused on home goods, as a competitor.  The inclusion of Overstock, another online home goods retailer, would have added little new information as to the nature and degree of risk arising from the competitive landscape in which Wayfair functioned.

**II.  Section 20(a)**

Section 20(a) of the Exchange Act imposes "derivative liability on parties controlling persons who commit Exchange Act violations."  <u>Tongue</u>, 816 F.3d at 209 n.12; 15 U.S.C. § 78t.  Given that the primarily violation under § 10(b) cannot be sustained against defendants Shah and Fleisher, the plaintiffs' § 20(a) claims must be denied as well.

**CONCLUSION**

Defendants' February 25 motion to dismiss is granted with prejudice. The Clerk of Court shall enter judgment for the defendants and close the case.

SO ORDERED:

Dated: New York, New York
May 24, 2016

                                                          */s/ Denise Cote*
                                                    DENISE COTE
                                      United States District Judge